IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00854-MSK-MEH

MARIE CAMPBELL,

    Plaintiff,

v.

WELLS FARGO BANK NA,
ANNA MARIE PETERS-RUDDICK,
BRYAN BLUM NO. 34949, and
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC,

    Defendants.

---

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to appear at two scheduled Scheduling/Status Conferences and failure to demonstrate that service has been effected upon the named Defendants. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

Plaintiff filed this action *pro se* on April 25, 2008, and on April 29, 2008, this Court set a scheduling conference for July 21, 2008 [doc. #4]. When Plaintiff failed to appear, the Court reset the conference for September 3, 2008 and instructed Plaintiff to provide a copy of the order to Defendants. Doc. #6. In the Court's Minute Order, Plaintiff was warned that failure to comply with the Order and to attend the September 3, 2008 would result in a recommendation to dismiss the case. On September 3, neither Plaintiff nor any of the named Defendants appeared. In fact, there is no indication that Plaintiff has served a copy of the Complaint in this matter upon the Defendants within the time limit set forth in Fed. R. Civ. P. 4(m).

**DISCUSSION**

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence by her failures to appear for the Scheduling Conferences in this matter and to serve the Complaint within the requisite time period. For these reasons alone, dismissal of this action without prejudice is warranted.

## CONCLUSION

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I do hereby RECOMMEND that the District Court **dismiss** this case **without prejudice** for Plaintiff's failure to prosecute this action.

Dated this 3rd day of September, 2008, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge