IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00854-MSK-MEH

MARIE CAMPBELL,

    Plaintiff,

v.

WELLS FARGO BANK NA,
ANNA MARIE PETERS-RUDDICK,
BRYAN BLUM NO. 34949, and
THE LAW FIRM OF CASTLE MEINHOLD & STAWIARSKI, LLC,

    Defendants.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION AND
DISMISSING ACTION**

---

**THIS MATTER** comes before the Court pursuant to the September 3, 2008 Report and Recommendation **(# 8)** of United States Magistrate Judge Michael E. Hegarty that the Plaintiff's Complaint be dismissed without prejudice for failure to prosecute.

The Plaintiff *pro se* commenced this action on April 25, 2008, alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The Court referred **(# 3)** the case to Magistrate Judge Hegarty to conduct certain aspects of pretrial administration. By Order dated April 29, 2008 **(# 4)**, Magistrate Judge Hegarty set a Scheduling Conference for July 21, 2008. The Court's docket indicates that a copy of this Order was served on the Plaintiff by mail at her address of record: 2976 South Argonne Court, Aurora, Colorado.

1

No contemporaneous Minute Entry reflects the outcome of that Scheduling Conference, but an August 22, 2008 Minute Order **(# 6)** by Magistrate Judge Hegarty recites that the Plaintiff failed to appear on July 21, 2008, and further noted that the Plaintiff had yet to file a Return of Service indicating that she had completed service on any of the Defendants. That Minute Order set a Status Conference for September 3, 2008, directed the Plaintiff to "notify Defendants . . . of this conference and supply Defendants with a copy of this Order." It advised the Plaintiff that "failure . . . to comply with this Order will result in the Court recommending that the case be dismissed for failure to prosecute." The Court's records indicate that the Minute Order was mailed to the Plaintiff at her address of record.

A Minute Entry **(# 7)** for proceedings on September 3, 2008 indicate that neither the Plaintiff nor any of the Defendants appeared. The Magistrate Judge then issued the instant Recommendation **(# 8)**. The Recommendation recites the foregoing facts and finds that "Plaintiff has failed to prosecute this case with due diligence by her failures to appear for the Scheduling Conferences in this matter and to serve the Complaint within the requisite time period." Accordingly, the Magistrate Judge recommended that the case be dismissed without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). A copy of the Recommendation was mailed to the Plaintiff at her address of record.

More than 10 days have passed since the Recommendation, and no party has filed objections to it under Fed. R. Civ. P. 72(b). Where no party files objections to a Recommendation, the Court applies whatever standard of review to that Recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991).

Nevertheless, the Court has reviewed the matter under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Moreover, the Court is mindful of the Plaintiff's *pro se* status and construes her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Fed. R. Civ. P. 41(b) allows the Court to *sua sponte* dismiss an action for failure to prosecute. If the dismissal is to be without prejudice, the Court may "enter such an order without attention to any particular procedures."[1] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). Although it may not be required, this Court has independently considered the *Ehrenhaus* factors and finds that they all tip in favor of dismissal. Assessing prejudice to the Defendants and to the judicial system, the Court finds that there may be some prejudice to the Defendants based on the Plaintiff's failure to timely serve them with notice of this action more than 9 months after its commencement. More importantly, the prejudice to the

---

[1] If the dismissal is to be made with prejudice, the Court is required to consider the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *See AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs.,* ___ F.3d ___, 2009 WL 146156 at * 2 & n.2 (10th Cir. Jan. 22, 2009).

judicial system of a litigant who disregards court orders and procedural rules is significant. The Court has few means to physically compel civil litigants to comply with its orders, and thus, a litigant who willfully disregards the Court's directives calls undermines the fundamental power held by the Court. The Court finds that the Plaintiff is entirely culpable for her failure to diligently prosecute this case, as there is no indication in the record of any circumstance that prevented the Plaintiff from pursuing this case. The Court also finds that the Plaintiff was warned of the risk of dismissal in the August 22, 2008 Minute Order.

Finally, the Court cannot conceive of a less severe sanction that would nevertheless persuade the Plaintiff to diligently comply with court orders and her obligations as a litigant. When a party's actions strike at the very core of the Court's powers to secure litigants' voluntary recognition of the Court's authority and compliance with its orders, the only practical remedy is to deny that party the ability to invoke the Court's power. Despite being offered several opportunities to pursue this case (including the opportunity to respond to the Recommendation with an explanation), the Plaintiff has persistently failed to take any action to advance this case. Thus, dismissal is the only effective sanction remaining.

Accordingly, the Court **ADOPTS** the Recommendation **(# 8)** in its entirety. The Complaint is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b), based on the

Plaintiff's failure to diligently prosecute. The Clerk of the Court shall close this case.

Dated this 29th day of January, 2009

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge